UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLAN WALDO,

    Petitioner,

v.                                                     Case No. 05-C-0867

BYRON BARTOW,

    Respondent.

---

## RECOMMENDATION RE: RULE 4 REVIEW ON PETITION FOR WRIT OF HABEAS CORPUS

---

On August 15, 2005, the petitioner, Allan Waldo ("Waldo"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[1] According to his petition and the submissions filed therewith, Waldo is currently incarcerated at the Wisconsin Resource Center. This is a result of a June 5, 1997 jury finding that Waldo, who had been convicted previously of a sexually violent offense, was suffering from a requisite mental disorder, and that the mental disorder made it substantially probable that he would engage in acts of sexual violence.

Waldo claims that in 1995 the Department of Corrections miscalculated his release date on the underlying sexually violent offense and that therefore the petition to commit him under Wis. Stat. ch. 980 was filed untimely. In rejecting Waldo's appeal of the denial of his state habeas petition

---

[1] On December 6, 1999, Waldo filed a petition for a writ of habeas corpus in the Eastern District of Wisconsin, *Waldo v. Macht*, No. 99-C-1419 (E.D. Wis. 1999). Because that petition was dismissed without prejudice by U.S. District Judge Myron L. Gordon, this petition does not constitute a "second or successive" petition under 28 U.S.C. § 2244(b). *See Garrett v. United States*, 178 F.3d 940, 942 (1999) ("[I]n order for a habeas petition to be considered successive, the previous motion must have been denied on the merits.").

(which forms the predicate of this federal habeas corpus petition), on April 20, 2005, the Wisconsin Court of Appeals stated the following:

> As we understand his brief, all of Waldo's claims hinge upon his claim that the Department of Corrections had miscalculated his release date in 1995. The Department calculated his maximum discharge date as April 4, 1995, and the State field a petition to commit him under WIS. STAT. ch. 980 on March 31, 1995. Under WIS. STAT. § 980.02(2)(ag), the petition must be filed within ninety days of his release. At the time the petition was initiated, Waldo was within ninety days of discharge of imprisonment; such suffices under the statute. *See* **State v. Carpenter**, 197 Wis. 2d 252, 275, 541 N.W. 2d 105 (1995).
>
> However, we affirm on a stronger ground as well. In Waldo's direct appeal of the order committing him as a sexually violent person, he also challenged the timeliness of the petition. We held that the State had timely filed Waldo's WIS. STAT. ch. 980 petition. *See* **State v. Waldo**, No. 2001AP537, unpublished slip op. ¶ 16 (WI. App Apr. 2, 2002). A decision of a legal issue by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court. *See* **State v. Brady**, 130 Wis. 2d. 443, 448, 388 N.W.2d 151 (1986). Although this is question of court practice and is not an inexorable rule, *see **id.***, we see no reason to vary from it here.

(Pet., ex. 101 at 2.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states, inter alia, that:

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

2

§ 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law."). Federal habeas corpus relief cannot be granted when there have been only errors under state law. *See Milone v. Camp*, 22 F.3d 693, 698 (7th Cir. 1994).

Waldo's federal habeas corpus petition is predicated on a claimed violation of Wisconsin state law, i.e., that the Department of Corrections incorrectly calculated his release date, thereby impacting the date by which the State had to file a petition to commit him under Wis. Stat. ch. 980. Such a claim is not one upon which federal habeas corpus relief can be obtained. Consequently, Waldo's petition should be dismissed pursuant to Rule 4 because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**NOW THEREFORE IT IS RECOMMENDED** that Waldo's petition for writ of habeas corpus relief under 28 U.S.C. § 2254 be dismissed.

Any objection to this recommendation must be filed with the Clerk of Court, in duplicate, within ten days of service of the same. *See* 28 U.S.C. § 636(b)(1)(B) and (C) and General L.R. 72.3 (E.D. Wis.). Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this __17th__ day of August 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge